UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SLY MAGAZINE, LLC,

                Plaintiff,                    CASE NO. 07 CV 6265

    -against-

                                                              AFFIRMATION

CURTIS CIRCULATION COMPANY, HUDSON
NEWS COMPANY, WAL-MART STORES, INC.,
CHAS LEVY CIRCULATING CO., LLC,
ANDERSON NEWS, LLC, MAGAZINE
DISTRIBUTORS, INCORPORATED, INGRAM
PERIDOCIALS, INC., THE NEWS GROUP,
INC., AND GOPHER NEWS COMPANY,

                Defendants.
------------------------------------------------------------X

       Ralph F. Schoene, an attorney duly admitted to practice law in the United States District Court, Southern District of New York, hereby affirms the truth of the following under the penalty of perjury:

       1.     I am a partner in the law firm of Vouté, Lohrfink, Magro & Collins, LLP, attorneys for defendant INGRAM PERIODICALS, INC., as such I am familiar with the facts and circumstances of this matter.

       2.     This affirmation is respectfully submitted in support of the instant motion, which is made pursuant to §12(b)(6) and §12(c) of the Federal Rules of Civil Procedure, for dismissal of plaintiff's complaint insofar as it alleges causes of action against INGRAM PERIODICALS, INC. alleging federal trademark infringement of a registered mark (Count I), federal infringement of unregistered mark (Count II), violation of New York's anti-dilution statute (Count IV) and violation of trademark infringement, trade dress infringement, misappropriation and unfair competition under New York's common

law (Count V).  The complaint does not contain a Count III.  The gist of the complaint is that plaintiff, as the publisher of an internet magazine entitled SLY, suffered damages as the result of the publication, distribution and retail sales of a print magazine inspired by Sylvester Stallone which is also entitled SLY.

3.     This action was commenced by the filing of a Summons and Complaint with the Clerk of this Court on July 6, 2007.  A stipulation was subsequently entered into extending the time of all defendants to answer or move against the complaint until August 20, 2007.  This motion is therefore timely made.

4.     The instant lawsuit actually represents plaintiff's second attempt to assert claims against INGRAM PERIODICALS INC. and the other eight named defendants, the first coming within the context of an earlier lawsuit entitled *Sly Magazine, LLC v. Weider Publications, LLC & American Media, Inc.* (05 CV 3940) which was filed in this same court on April 19, 2005.  A copy of that complaint is annexed hereto as Exhibit B.  During the course of that case, plaintiff filed a motion seeking to amend its complaint to join as new parties INGRAM PERIODICALS INC. and the other defendants now named in this lawsuit, and to add a new claim against Weider Publications and American Media asserting that they bear liability for distribution and retail sales of the Sylvester Stallone inspired SLY magazine which occurred after its trademark was registered.  That motion was denied in its entirety in a decision dated April 9, 2007, which was issued by Hon. Loretta Preska on behalf of the late Hon. Richard Casey.  A copy of that decision is annexed hereto as Exhibit C.

5.     In addressing plaintiff's contention that America Media and Weider Publication bear liability for the distribution and sale of the Sylvester Stallone SLY magazine after plaintiff's trademark was registered on January 17, 2006, the court concluded that the defendants could not be held liable for infringement by others of

plaintiff's registered mark unless they knew or had reason to know that their publishing activity in December 2005 would infringe upon a registered mark.

6.  As part of the <u>SLY Magazine LLC v. Weider Publications LLC</u> and <u>American Media</u> case, the parties entered into a joint pre-trial order, a copy of which is annexed hereto as Exhibit D.  Among the stipulated facts are the following:

   a) The first issue of the Sylvester Stallone SLY Magazine "… had an on sale date of February 14, 2005, and a cover date of May/June 2005 and their third issue had an on sale date of July 25, 2005, and a cover date of July/August 2005, their fourth issue of SLY had an on sale date of December 26, 2005, and a cover date of December/January 2006".  (There is obviously something missing here as there is no mention of the second issue.  Undoubtedly, what the parties meant to say was that the first issue which had an on sale date of February 14, 2005 had a cover date of February/March 2005, and that the second issue had an on sale date in May of 2005 and a cover date of May/June 2005).

   b) Weider Publications and American Media have ceased publication of SLY Magazine.

   c) Plaintiff <u>plans</u> to offer a print version as well as its online version (emphasis supplied).

7.  During the course of the *SLY Magazine LLC v. Weider Publication and American Media* case, plaintiff sought a preliminary injunction.  That application was denied.  A copy of the transcript of that hearing is annexed hereto as Exhibit E.

8.  Annexed to this motion is the affidavit of Bruce H. Jones, Vice President for Publisher Relations for INGRAM PERIODICALS, which establishes:

   a) INGRAM PERIODICALS is a distributor of magazines and has never published any magazines.

b) INGRAM PERIODICALS only distributed two issues of the spring SLY Magazine, the first having an on sale date of February 18, 2005 and the second having an on sale date May 6, 2005.

c) With respect to the issue having an on sale date of February 18, 2005, INGRAM PERIODICALS distributed 2,806 copies of that issue, 2,016 of which were sold.

d) With respect to the issue having an on sale date of May 6, 2005, the number of issues distributed by INGRAM PERIODICALS which was sold was 7,342.

e) At the time that INGRAM PERIODICALS distributed those two issues it had no knowledge of plaintiff's internet publication.

f) INGRAM PERIODICALS was never aware of plaintiff's trademark registration dated January 17, 2006, and in any event did not distribute any issues of SLY Magazine at any time after January 17, 2006.

g) INGRAM PERIODICALS did not participate in the selection of the mark used by the Sylvester Stallone based SLY Magazine; all INGRAM PERIODICALS did was to distribute the magazine on two occasions.

h) The issues distributed by INGRAM PERIODICALS were sent to them by CURTIS CIRCULATION COMPANY.

9. The joint pre-trial order promulgated in the *SLY Magazine v. Weider Publications and American Media* case (Exhibit D) also contains a series of contentions being asserted by each party. Among plaintiff's contentions are the assertions that 400,000 copies of the first issue of SLY Magazine and 392,524 issues of the second issue were distributed by a distribution company. A comparison of these figures with the number of copies distributed by INGRAM PERIODICALS reveals that the percentage of copies distributed by INGRAM PERIODICALS was extremely small.

10. As set forth more fully in the memorandum of law that accompanies this motion, plaintiff's complaint should be dismissed for the following reasons:

      a)    Regarding Count I, the complaint alleges that all of the defendants distributed SLY Magazine after plaintiff registered its trademark on January 17, 2006. This is certainly not the case as it pertains to INGRAM PERIODICALS, which only distributed two issues of SLY Magazine in the first half of 2005 and never distributed SLY Magazine after plaintiff's trademark was registered.

      b)    Regarding Count II, plaintiff is unable to establish that it had a protectable trade dress prior to the date that its trademark was registered because its mark is not distinctive and there is no likelihood of confusion between plaintiff's internet based SLY Magazine and the Sylvester Stallone based print SLY Magazine.

      c)    Regarding Count IV, which seeks to invoke Section 360-*l* of New York's General Business Law, there is nothing to enjoin, and

      d)    Regarding Count V, plaintiff is unable to establish that, at the time that INGRAM PERIODICALS distributed the print SLY Magazine on two occasions in early 2005, that plaintiff owned a distinctive mark capable of dilution and that there was a likelihood of dilution.

WHEREFORE, it is respectfully requested that the court grant the instant motion in its entirety and dismiss plaintiff's complaint insofar as it seeks to assert claims against INGRAM PERIODICALS.

Dated: White Plains, New York
       August 20, 2007

                                              _____
                                              RALPH F. SCHOENE     (4547)