DATE FILED: Aug 22 2007
DOC #:
ELECTRONICALLY FILED
DOCUMENT
USDC SDNY
August 20, 2007

# JENNER&BLOCK



Jenner & Block LLP  
919 Third Avenue  
37th Floor  
New York, NY 10022-3908  
Tel 212 891-1600  
www.jenner.com  

Chicago  
Dallas  
New York  
Washington, DC  

Susan J. Kohlmann  
Tel 212 891-1690  
Fax 212 891-1699  
skohlmann@jenner.com

**BY HAND DELIVERY**

Honorable Deborah A. Batts  
United States District Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl St., Room 650  
New York, NY 10007

Re: *Sly Magazine, LLC v. Curtis Circulation Company et al*, 1:07-cv-06265-RMB

Dear Judge Batts:

I am writing on behalf of defendants Curtis Circulation Company, Hudson News Company, Wal-mart Stores, Inc. Chas Levy Circulating Co., LLC, Anderson News LLC, Magazine Distributors, Incorporated, The News Group, Inc. and Gopher News Company in the above-named action. In accordance with Your Honor's Individual Practices, I respectfully request a pre-motion conference. As described in detail below, the gravaman of plaintiff's complaint is based on a virtually identical action entitled *Sly Magazine, LLC v. Weider Publications LLC and American Media, Inc,* 05 Civ 3940 (the "American Media Action"), which had been pending before the late Judge Casey and is now pending before Judge McMahon. For the reasons stated below, defendants respectfully request that this action be stayed pending the outcome of the motion of American Media, Inc. and Weider Publications, LLC (collectively, "AMI") for summary judgment in The American Media Action which was fully briefed as of August 15, 2007. Defendants' time to answer or otherwise respond to the Complaint is currently August 30, 2007.

*denied DAB 8/22/07*

Sly Magazine, LLC is an internet magazine relating to women's fashion and shoes; it has *never* published a print magazine, though it has claimed to have plans to do so since at least January 2006. During calendar year 2005, AMI published four issues of a test magazine called "SLY" named after the actor, Sylvester "Sly" Stallone, and aimed at fit men over age 40. The final issue of the now defunct magazine was published in December 2005. The American Media Action was filed in April 2005 alleging claims of trade dress infringement, trademark dilution, and trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125, and New York trademark law. Copies of the Complaints in both The American Media Action and this action are attached. In late December 2005, Plaintiff moved for a TRO and preliminary injunction, both of which were denied by Judge Casey. On December 13, 2005, one week before the end of initial discovery and five weeks preceding the end of the final discovery deadline, Plaintiff requested that AMI, among other things, identify the wholesalers, distributors and or sales companies involved in the sale of SLY magazine. AMI identified Curtis Circulation Company, one of the defendants in this action and subsequently Plaintiff subpoenaed Curtis, who provided its distribution list for SLY Magazine. Plaintiff received the registration for its trademark on January 17, 2006, by which time the last issue of SLY was already distributed.

11490.1

MEMO ENDORSED

**MEMO ENDORSED**

Honorable Deborah A. Batts
August 20, 2007
Page 2

On March 3, 2006, Plaintiff moved in the American Media Action to amend the Complaint to add a new claim of trademark infringement and to join the precise parties named as defendants in this action. On April 9, 2007, Judge Loretta Preska issued the Opinion and Order of the Court on Judge Casey's behalf and in his name, denying, in its entirety, Plaintiff's motion to amend. A copy of the Opinion and Order is attached. Judge Casey held, among other things, "[p]laintiff is unable to allege direct infringement of its registered mark because there can be no liability based on retroactive registration of a trademark." Opinion at 5. Judge Casey rejected Plaintiff's further argument that "Defendants are 'contributorily responsible' for third parties' direct infringement of a registered trademark even though, as Plaintiff admits, the final issue of SLY magazine was no longer in Defendants' custody and control when the SLY mark became registered." Judge Casey held that "'Plaintiff can prove no set of facts in support of its claim' against Defendants for contributory liability under Section 32(1) of the Lanham Act. Amending the complaint to add such a claim would be futile." With respect to the joinder of the identical parties Plaintiff now sues in this action, Judge Casey held, among other things, "the Court's preceding determination that Plaintiff's theory of contributory liability is unavailing renders the proposed joinder fundamentally beside the point. In any event, the Court would not allow joinder at this stage of the litigation for such pretextual purposes." Opinion at 11.

Notwithstanding Judge Casey's decision, Plaintiff filed this action alleging essentially the identical causes of action alleged in the American Media Action against AMI, against the identical defendants it unsuccessfully sought to join in the American Media Action. In light of Judge Casey's ruling and the pending summary judgment motion in the AMI matter, Defendants respectfully request that it be granted leave to move to stay this action pending the resolution of the AMI summary judgment motion and that defendants thereafter be granted permission to move to dismiss or otherwise respond to the Complaint. Defendants requested that Plaintiff agree to withdraw the action against Defendants, or in the alternative, to stay this action pending the outcome of the summary judgment motion in the American Media Action but Plaintiff would not consent to do so.

Finally, Defendants further request that the Court grant Defendants an extension of time to answer or otherwise respond to the Complaint which is currently due on August 30 to September 15, 2007, ~~during which time, if the Court so orders, the pre-motion conference can be scheduled to determine whether the motion to stay can be made~~. Defendants' counsel was only just retained to represent all of the named defendants and, in the event this action is not stayed, will likely move to dismiss. Defendants sought the permission of Plaintiff's counsel for the extension but that too was denied, Plaintiff granted an extension to August 30.

*[Granted 8/22 – margin notation]*

Respectfully submitted,

*Susan J. Kohlmann (dV)*

Susan J. Kohlmann

**SO ORDERED**

*Deborah A. Batts* 8/22/07
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

11490.1


MEMO ENDORSED

Honorable Deborah A. Batts
August 20, 2007
Page 3


cc: John Bostany, Esq.
    Andrew Sweeney, Esq.

SJK/mrm

11490.1