# EXHIBIT 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SLY MAGAZINE, LLC,<br><br>*Plaintiff,*<br><br>-against-<br><br>WEIDER PUBLICATIONS L.L.C. AND AMERICAN MEDIA, INC.<br><br>*Defendants.* | Civ. No. 05-3940 (RCC)<br><br>**DECLARATION OF SUSAN J. KOHLMANN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

I, SUSAN J. KOHLMANN, hereby declare as follows

1. I am a member of the Bar of this Court and a member of Pillsbury Winthrop Shaw Pittman LLP. I make this declaration in support of the Opposition of Defendants Weider Publications L.L.C. and American Media Inc. to Plaintiff's Motion for Leave to File an Amended Complaint, based on my personal knowledge and a review of documents produced in discovery and publicly available documents.

2. The parties entered into a Case Management Plan on July 27, 2005, which states that "joinder of additional parties must be filed by August 15, 2005." Furthermore, it states that "[a]mended pleadings may be filed until August 15, 2005." A true and correct copy of the Case Management Plan is attached hereto as Exhibit A.

3. On November 7, 2005 the Case Management Plan was modified upon the joint application of both parties, however, nothing in the modification extended the date for joining additional parties or filing an amended pleading. In addition, paragraph 5 of this modified Scheduling Order requires "[a]ll discovery to be completed by January 24, 2006." A true and correct copy of this modified Scheduling Order is attached hereto as Exhibit B.

4. Plaintiff requested permission to file a motion for summary judgment as early as October

28, 2005. A true and correct copy of a letter from John P. Bostany to this court is attached hereto as Exhibit C.

5.  A true and correct copy of the Affidavit of John Swider in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction is attached hereto as Exhibit D.

6.  The parties concluded discovery in January 2006, having taken depositions of Plaintiff's principals and of Defendants' 30(b)(6) representatives.

7.  Over the course of Defendants' document production in response to Plaintiff's general document requests, Defendants produced relevant, responsive documents identifying Curtis Circulation Corp. ("Curtis"), one of the parties Plaintiff seeks to add to its Complaint, as well as other wholesalers, on or about August 2005.

8.  According to testimony from the February 23, 2006 deposition of Charles Wetzel, the Vice President of Strategic Planning and Administration of Curtis, the final issue of Defendants' magazine was shipped to retailers by the end of December 2005. A true and correct copy of the relevant portion of the Curtis deposition is attached hereto as Exhibit E.

9.  According to Mr. Wetzel's testimony, all copies of Defendants' magazine are supposed to be off-sale by March 26, 2006, which date will have passed by the time this motion is decided. A true and correct copy of the relevant portions of the Curtis deposition is attached hereto as Exhibit F.

10. Plaintiff has obtained a registration from the United States Patent and Trademark Office (the "PTO") for the word mark SLY in International Class 16 for "Magazines, journals, newsletters, newspapers, pamphlets and books, which offer information on fashion, accessories, gadgets, career and other lifestyle interest subjects." A true and correct copy of a printout from the PTO website is attached hereto as Exhibit G.

2

11.  On March 1, 2005, Plaintiff, by way of its counsel, amended its application to register the mark in Class 16, for a printed, rather than an Internet-based publication. Plaintiff attested to "use" of the mark in commerce by submitting specimens described as "front page of magazine identified by the mark; on line magazine and publication identifed [sic] by the mark; trademark identifying trade show publication; promotional issue of trademarked magazine; brochure." A true and correct copy of this amendment to allege use filing with specimens is attached hereto as Exhibit H.

12.  On February 5, 2005 the PTO issued an Office Action asking for a clarification of the current wording used to describe Plaintiff's goods. A true and correct copy of printouts from the PTO website are attached hereto as Exhibit I.

13.  On March 11, 2005 Plaintiff responded to an Office Action by expanding the proposed description of Plaintiff's product from materials offering information on "women's interest" subjects to "lifestyle interest" subjects. A true and correct copy of printouts from the PTO website is attached hereto as Exhibit J.

14.  On December 27, 2005, at the preliminary injunction hearing Plaintiff argued that "the defendants have published the exact same magazine, your Honor, as the plaintiffs have published, and that is a *lifestyle fashion magazine*." A true and correct copy of the relevant sections of the preliminary injunction transcript is attached as Exhibit K.

15.  The PTO issued a second Office Action against Plaintiff on March 31, 2005, making clear that to register a trademark for an Internet-based publication, the registrant must register the mark in Class 41. Hence, Plaintiff was instructed to either change its proposed description of goods and choose one of the classes, or adopt both Class 16 or 41. A true and correct copy of the Office Action is attached hereto as Exhibit L.

16. On April 25, 2005 Plaintiff responded to the Office Action by changing its description of goods to comport to a printed magazine, and registered the mark in Class 16. A true and correct copy of Plaintiff's response to the Office Action is attached hereto as Exhibit M.

17. Plaintiff confirmed at the preliminary injunction hearing on December 27, 2005 that it has not published, produced, created, or marketed a print version of the magazine. A true and correct copy of the relevant sections of the preliminary injunction transcript is attached as Exhibit N.

18. In addition, Plaintiff's editor-in-chief testified over the course of her deposition that Plaintiff has not used the name SLY in connection with a magazine, a journal, a newsletter, newspapers, pamphlets, and/or books. Plaintiff is purportedly planning to do so this Summer. Well over a year after filing their application attesting to "use" of the name SLY in connection with these goods, Plaintiff has in fact not offered for sale any of these goods under the name SLY. A true and correct copy of relevant portions of the transcript of Ruby Charles is attached hereto as Exhibit O.

19. During Ruby Charles's deposition testimony she refers to the item that was described in the amendment to allege use filing as the "front page of magazine." This item is actually a single page, double-sided promotional item. A true and correct copy of this item is attached hereto as Exhibit P.

I declare the foregoing under penalty of perjury.

Date: March 17, 2006

_____
SUSAN J. KOHLMANN