# EXHIBIT 37




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
SLY MAGAZINE, LLC,

Plaintiff,

**VERIFIED COMPLAINT**

Civil Action No.:

- against -

JUL 0 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

CURTIS CIRCULATION COMPANY,
HUDSON NEWS COMPANY,
WAL-MART STORES, INC.,
CHAS LEVY CIRCULATING CO., LLC,
ANDERSON NEWS, LLC,
MAGAZINE DISTIBUTORS,
INCORPORATED, INGRAM,
PERIODICALS, INC.,
THE NEWS GROUP, INC. and
GOPHER NEWS COMPANY,

Defendants.
---------------------------------------------------X

Plaintiff, SLY MAGAZINE, LLC, brings this complaint against, ANDERSON NEWS, LLC, CHAS LEVY CIRCULATING CO., LLC, MAGAZINE DISTIBUTORS, INCORPORATED, HUDSON NEWS COMPANY, INGRAM PERIODICALS, INC., THE NEWS GROUP, INC., GOPHER NEWS COMPANY, CURTIS CIRCULATION COMPANY and WAL-MART STORES, INC. alleging as follows:

**PARTIES**

1. Plaintiff, SLY MAGAZINE, LLC, is a limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 332 Bleecker Street, #K39, City and State of New York, County of New York. Plaintiff is the owner of the trademark "SLY" and is in the business of inter alia, designing, advertising, marketing, publishing, distributing, selling

and/or offering for sale a magazine ("SLY").

2. Upon information and belief, Defendant, Anderson News, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 6016 Brookvale Lane, Suite 151, Knoxville, TN 37919.

3. Upon information and belief, Defendant, Chas Levy Circulating Co., LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located at 27500 Riverview Center Blvd., Bonita Springs, FL 34134.

4. Upon information and belief, Defendant, Magazine Distributors, Inc. is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business located at 120 Adams Boulevard, East Farmingdale, NY 11735.

5. Upon information and belief, Defendant, Hudson News Company, is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business located at One Meadowlands Plaza, Ste 902, East Rutherford, New Jersey, 07073.

6. Upon information and belief, Defendant, Ingram Periodicals, Inc., is a corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business located at 18 Ingram Blvd., La Vergne, TN 37086.

7. Upon information and belief, Defendant, The News Group, Inc., is a corporation duly organized and existing under the laws of Canada, with its principal place of business located at 3320 South Service Road, Burlington,

Ontario L7N 3M6, CA.

8. Upon information and belief, Defendant, Gopher News Company is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business at 9000 10th Avenue North, Minneapolis, MN 55427.

9. Upon information and belief, Defendant, Curtis Circulation Company is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 730 River Road, New Milford, NJ 07646-3048

10. Upon information and belief, Defendant, Wal-mart Stores, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at Wal-Mart Stores, Inc., Bentonville, Arkansas 72716-8611.

11. Defendants are displaying, distributing, selling and/or offering for sale a magazine, which infringes Plaintiff's trademark rights.

## JURISDICTION AND VENUE

12. This is an action for unfair competition, trade dress infringement, federal and state dilution, and common law infringement of the Lanham Act, 15 U.S.C. Sec. 1125(a) and 1125(c), New York Law, N.Y.Gen.Bus.Law sec. 360-1. Jurisdiction is conferred upon this Court by 28 U.S.C. 1338(a) and 1338(b).

13. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

14. At least as early as June 30, 2003, Plaintiff adopted the "SLY" trademark to

identify a fashion/life style publication which Plaintiff has marketed and advertised.

15. At least as early as October 2004, Plaintiff used in interstate commerce its trade dress and trademark for its SLY. Plaintiff has expended considerable time, effort, and resources to design and develop its unique and inherently distinctive trademark for its magazine.

16. Plaintiff's trade dress and trademark is the word mark "SLY" used to identify its magazine. A copy of the cover of one of plaintiff's publications is attached as **Exhibit 1**.

17. Plaintiff has and continues to prominently display the "SLY" trademark on its publication. Such use by Plaintiff has been continuous since its first use.

18. The word "SLY" is arbitrary as it refers to magazines and published materials

19. The word "SLY" does not describe or suggest the Defendants' publication.

20. The word "SLY" does not describe or suggest the plaintiff's publication

21. Plaintiff's use of the "SLY" trademark for its Sly Magazine is non-functional.

22. The plaintiff's SLY is a lifestyle/fashion magazine.

23. Plaintiff's use of the "SLY" trademark for its publication is inherently distinctive.

24. Plaintiff's use of the "SLY" trademark for its publication has substantial secondary meaning in the marketplace.

25. Plaintiff has advertised and promoted SLY in various media in the United States including, Internet web-sites, promotional mailers and sales materials, company profiles, trade show displays, sample requests, promotional events, clothing and in business transactions with journalists, photographers and

stylists.

26. Plaintiff has established goodwill in its SLY trademark. As a result, the trademark is a valuable assets of Plaintiff's business.

27. Upon information and belief, Defendants, are in the business of inter alia, designing, advertising, marketing, publishing, distributing, selling and/or offering for sale magazines and other published materials via newsstands, department stores, the internet and elsewhere.

28. Upon information and belief, since at least February of 2005, Defendants have advertised and sold a different magazine under the "SLY" mark.

29. A copy of the cover of one of the issues of the infringing SLY magazine is annexed as **Exhibit 2**.

30. The defendants' SLY publication is a lifestyle/fashion magazine.

31. Defendants use of the mark "SLY" is confusingly similar to Plaintiff's "SLY".

32. The use of the mark "SLY" by Defendants is likely to cause confusion with Plaintiff's magazine also identified by the SLY trademark.

33. The Defendants used the word mark SLY in commerce to identify a magazine long after Plaintiff adopted and first used the same trademark in commerce to identify its magazine.

34. Defendants have extensively advertised, promoted, marketed and sold their publication under the name "SLY".

35. As a result, many relevant purchasers were deceived into believing that the word mark "SLY" is associated with Defendants' Magazine, even though defendants are junior users, creating reverse confusion.

36. Defendants' sales and advertising greatly exceeds that of Plaintiff, the senior

holder.

## COUNT I – TRADEMARK INFRINGEMENT OF REGISTERED MARK

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff's trademark was registered on January, 17, 2006. **See Exhibit 3**.

39. Long after the adoption and use by Plaintiff of the SLY Trademark, and with at least constructive notice of the Plaintiff's Trademark, Defendants knowingly and intentionally used reproductions, copies or colorable imitations of the SLY Trademark to market, promote, identify design, manufacture, sell and distribute the same or similar products.

40. Upon information and belief, Defendants have offered for sale products using the exact same name, SLY, after the mark was registered to the PLAINTIFF.

41. Defendants, by their acts as aforesaid, have taken advantage of the creative skill of PLAINTIFF.

42. The Defendants' use of PLAINTIFF's word mark results in confusion as to sponsorship, association, source and origin of the PLAINTIFF and defendants' products.

43. Defendants have advertised, promoted, marketed and/or sold their products under name Sly Magazine.

44. Having adopted and used the mark SLY after plaintiff, defendants are the junior users of the mark.

45. Defendants injected their products into commerce with the express intent of

profiting from Plaintiff's valuable registered trademark.

46. Defendants did not conduct a trademark search before using the SLY mark in commerce.

47. Defendants did not search the USPTO website before using the SLY mark in commerce.

48. Defendants did not search the internet before using the SLY mark in commerce.

49. The products that Defendants have sold under the SLY mark are the same or similar to the product upon which the Plaintiff has placed the SLY mark.

50. The acts of Defendants complained of herein have been without the authorization or consent of Sly Magazine, LLC.

51. The activities of Defendants, complained of herein, constitute infringement of the Sly Magazine, LLC Trademark in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1).

**COUNT II – INFRINGEMENT OF UNREGISTERED MARK (FEDERAL)**

52. As a cause of action and ground for relief, Plaintiff alleges trade dress infringement by the Defendants in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 51 as if fully set forth herein.

53. Section 43 (a) of the Lanham Act, 15 U.S.C. Section 1125(a) prohibits the copying of trade dress and sets forth in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word,

> term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is unlikely to be damaged by such act.

54. Defendants' use in commerce of the "SLY" mark is confusingly similar to Plaintiff's trade dress for its SLY; Plaintiff's trade dress being the word mark SLY.

55. Upon information and belief, as a result of Defendants' conduct, the public has already believed and is likely to continue to believe that Plaintiff's publication is in some way associated with, affiliated with and/or originating from the publishers and or sponsors of the SLY magazine sold by defendants.

56. Upon information and belief, Defendants have willfully infringed upon the SLY mark.

57. The Defendants' acts constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or affiliation of Plaintiff's SLY with Defendants.

58. Upon information and belief, there is actual confusion among the potential consumers of plaintiff's magazine as to the source of the SLY trademark.

59. Upon information and belief, there is actual confusion among the potential consumers of Defendants' magazine as to the source of the SLY trademark.

60. Defendants' use of SLY is without the license or consent of Plaintiff.

61. Defendants' aforesaid acts constitute violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. Plaintiff has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' infringement of Plaintiff's trade dress and will continue to do so unless enjoined by this Court.

63. Defendants have engaged in acts of unfair competition, false designation of origin, and false description or representation in violation of § 43(a) of the Lanham act, 15 U.S.C. § 1125(a).

64. Upon information and belief, Defendants have intentionally engaged in acts of false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or affiliation of Plaintiff's SLY with Defendants.

65. Defendants' aforesaid acts constitute unfair competition, false designation of origin, and/or false description or representation in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. Plaintiff has suffered irreparable injury as a result of the Defendants' infringement of Plaintiff's "SLY" trademark.

**COUNT IV - VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE**

67. As a cause of action and ground for relief, Plaintiff alleges that Defendants have engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 66 as if fully set forth herein.

68. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark . . . or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen.Bus. Law sec. 360-1.

69. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale a product using the exact same "SLY" word mark.

70. Defendants have engaged in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the Plaintiff's SLY.

71. Defendants have engaged in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association of the Plaintiff's Magazine with the Defendants' Magazine.

72. Plaintiff has not consented to any sponsorship, approval, status, affiliation, or

connection with the Defendants' Magazine.

**COUNT V – VIOLATION OF TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, MISAPPROPRIATION AND UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW**

73. Plaintiff as a cause of action and ground for relief, alleges that Defendants have engaged in acts of trademark infringement, trade dress infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 72 as if fully set forth herein.

74. Defendants have infringed Plaintiff's trade dress and trademarks by manufacturing, marketing and/or selling magazines that infringe, Plaintiff's "SLY" trademark

75. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

76. Upon information and belief, Defendants intended that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

77. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused injury to consumers.

78. Defendants' acts have harmed Plaintiff's reputation and have severely damaged Plaintiff's goodwill.

79. Defendants have unfairly competed with Plaintiff by selling the Stallone Magazine to purchasers under a mark that is confusingly similar to Plaintiff's

"SLY" mark. The public is likely to be confused as to the source and origin of Plaintiff's published materials.

80. Defendants have misappropriated Plaintiff's trade dress and trade name, to do so, by selling a Magazine that is offered under a mark that is confusingly similar to Plaintiff's "SLY" mark using the exact same word mark for said magazine.

81. Defendants' trade name infringement is in violation of the common law of New York.

82. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of Plaintiff's trade dress and trademark, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment by Defendants, all in violation of Plaintiff's rights under the common law of New York.

83. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or affiliation of Plaintiff's SLY by Defendants. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of Plaintiff's SLY trademark.

84. Upon information and belief, Defendants' actions have been willful, deliberate, and in bad faith.

**WHEREFORE**, Plaintiff prays:

A. That this Court adjudge that the Defendants have infringed, tarnished and diluted Plaintiff's "SLY" trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in this

Complaint, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), New York statutory and common law.

B. That Plaintiff recover Defendants' profits and the damages arising from Defendants' acts pursuant to New York Law and 15 U.S.C. 1117(a) along with costs and fees as allowed under 15 U.S.C. 1117 (a).

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury as to all issues.

Dated: New York, New York
June 12, 2007

Respectfully Submitted,

THE BOSTANY LAW FIRM

By:____________________

ANDREW T. SWEENEY (AS-0724)
Attorney for Plaintiff SLY
40 Wall Street
New York, New York 10005
(212) 530-4400


SLY
shoes. the obsession
WWW.SLYMAGAZINE.COM
PROMOTIONAL ISSUE


SLY
BER/JANUARY 2006
SHARON STONE
+
DEFY YOUR AGE:
HOW TO MUSCLE UP AT ANY AGE
THE SLY NO-FAIL PLAN!
IVE ONGER & BETTER!
IGHT-LOSS SPECIAL:
OW TO OSE YOUR UT FOR OOD!
AT TO EAT & WHY
623 BEST TIPS ON SEX, HEALTH, FITNESS, NUTRITION + MORE
5 WAYS TO KEEP HER HAPPIER AT HOME
GO FROM SERIOUSLY SOFT TO SERIOUSLY FIT
ONE MAN'S SUCCESS STORY P.74
CASINO ROYALE
QUEEN OF HEARTS
ABES N THE SA: THE 40 HOTTEST WOMEN OVER 40
Sharon Stone: Hotter now than ever!
USA $3.99/CANADA $4.99
DISPLAY UNTIL MARCH 26, 2006
0 71486 51093 2
01>




# CERTIFICATE OF REGISTRATION

## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



Jon W. Dudas

*Director of the United States Patent and Trademark Office*

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38 and 50

Reg. No. 3,045,096

United States Patent and Trademark Office

Registered Jan. 17, 2006

TRADEMARK
PRINCIPAL REGISTER

# SLY

SLY MAGAZINE LLC (NEW YORK LTD LIAB CO)
PO BOX 246
NEW YORK, NY 10014

FOR: MAGAZINES, JOURNALS, NEWSLETTERS, NEWSPAPERS, PAMPHLETS AND BOOKS, WHICH OFFER INFORMATION ON FASHION, ACCESSORIES, GADGETS, CAREER AND OTHER LIFESTYLE INTEREST SUBJECTS , IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 6-30-2003; IN COMMERCE 11-2-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-444,956, FILED 7-1-2004.

ANN E. SAPPENFIELD, EXAMINING ATTORNEY

CLIENT'S VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

RUBY CHARLES, being duly sworn deposes and says:

1. I am a member of the plaintiff SLY MAGAZINE, LLC in this action.

2. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Ruby Charles

Sworn to before me this
31st day of May, 2007

Notary Public

JOHN P. BOSTANY
Notary Public, State of New York
No. 02B05072359
Qualified in Kings County
Commission Expires Jan. 27, 2007